## STATE v. EDWIN L. MacLEAN.[1]

June 22, 1934.

No. 29,731

*Edwin L. MacLean, pro se.*

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *Ed J. Goff,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the state.

*STONE, Justice.*

Convicted of forgery in the second degree, defendant appeals from the judgment after the denial of his motion for a new trial.

Defendant is a member of our bar. September 30, 1932, he had as client one Hugh J. McGrath, having been retained by the latter to prosecute a personal injury claim against the Nicollet Hotel Company. Defendant procured a settlement for $650, of which, under written agreement with McGrath, he was entitled to one-third. The money was paid him September 30, 1932. He gave the hotel company a release, apparently signed by McGrath, whose acknowledgment of execution of the instrument was certified by defendant as a notary public. Defendant admits that McGrath did not sign and that he wrote McGrath's name so that it would appear as the latter's signature. He claims that McGrath authorized him to do that. He furnishes neither explanation nor justification for

[1]Reported in 255 N. W. 821.

the false certificate of acknowledgment. McGrath denies having authorized defendant to sign his name. There is much other evidence which would justify any trier of fact in refusing to credit defendant's testimony. His guilt is proved to the point of demonstration.

It is difficult to escape the conclusion that defendant's forgery was for the purpose of concealing from McGrath that the settlement was for $650. McGrath's testimony is that defendant represented to him that the settlement was for $550. The conclusion is well justified that defendant by such misrepresentation, aided by the forgery, was seeking to appropriate all the additional $100 to himself.

Defendant assigns as error the exclusion of certain letters written by himself after it was apparent that he was in trouble over his handling of the matter. All of those letters were properly excluded as self-serving. Many other errors are assigned, and the supporting argument has all been examined with reference to the record. If there was any error, the absence of prejudice appears conclusively. There was nothing affecting adversely "defendant's substantial or constitutional rights." Hence there must be affirmance under the long-standing rule of this court established by a long line of decisions beginning with State v. Nelson, 91 Minn. 143, 97 N. W. 652. See also State v. Corey, 182 Minn. 48, 233 N. W. 590, where the rule was most recently applied.

Judgment affirmed.